IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50803
Conference Calendar

_____

BARBARA JO WEBB,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT; PAMELA WILLIAM; Warden of Hobby Unit,
Marlin, Texas; KENNETH SELLER, Correctional Officer 3,
Officer at TDCJ-ID; POLLY ANDERSON,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CV-242
--------------------
June 13, 2000

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Barbara Jo Webb (Webb), Texas inmate # 335682, appeals the
dismissal of her complaint under 42 U.S.C. § 1983 against
defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure
to adequately state a claim.

We review dismissals under § 1915(e)(2)(B)(ii) for failure
to state a claim *de novo*, using the same standard applicable to
dismissals under Fed. R. Civ. P. 12(b)(6).  Black v. Warren, 134
F.3d 732, 734 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Webb alleged that Kenneth Sellers, a correctional officer at the Hobby Unit of the Texas Department of Criminal Justice (TDCJ), confiscated a letter from her cell. She alleged this action denied her access to the courts because she wished to introduce the letter into evidence in a pending criminal state court action. A criminal defendant's right of access to the courts is not infringed if she is represented by counsel. See Tarter v. Hury, 646 F.2d 1010, 1014 (5th Cir. 1981). As Webb alleged that she was represented by court-appointed counsel in the pending state criminal action, she cannot establish a constitutional injury based upon this claim. Because Sellers' actions did not rise to the level of constitutional injury, Webb's claim of retaliation was properly dismissed. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Webb's amending complaint asserted that she had "been denied to buy fan. [Sic] For heat and comply with medical need while tempture [sic] were over in the 100%." The magistrate judge did not address this claim in his order. On appeal, Webb alleges that she needed this fan because she suffers from hypertension and that Polly Anderson was the correctional officer that refused to let her buy a fan. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 847 (1994). Webb's amending complaint made a conclusional statement that she needed a fan for medical reasons. The complaint did not establish that Anderson was deliberately indifferent to her

medical needs or that her medical need was serious. Accordingly, the failure of the magistrate judge to address this claim was harmless error and this claim is dismissed pursuant to § 1915(e)(2)(B)(ii).

Because the actions of Sellers and Anderson did not rise to the level of constitutional injury, Webb has not shown that Pamela Williams, warden at the Hobby Unit of the TDCJ, or Wayne Scott, director of the TDCJ, knowingly acquiesced in the misconduct of others or that the magistrate judge erred in dismissing her claims against them. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

Webb failed to challenge the magistrate judge's judgment with respect to confiscation of her personal property and defendants' alleged violations of state laws and TDCJ rules. These claims are abandoned. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). We also do not address Webb's claim of sexual harassment by a correctional officer not named in this action as this claim is made for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.