**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 96-40088**

**WILLIE RAY MCDONALD,**

**Plaintiff-Appellant,**

**VERSUS**

**J. STEWARD, Library Supervisor, Michael Unit;**
**DIRECTOR TDCJ-ID,**

**Defendants-Appellees.**

Appeal from the United States District Court
for the Eastern District of Texas

January 2, 1998

Before DeMOSS and DENNIS, Circuit Judges, and ROSENTHAL[*], District Judge.

DeMOSS, Circuit Judge:

Willie Ray McDonald ("McDonald"), a Texas inmate, filed this 42 U.S.C. § 1983 action against Officer James Steward ("Steward"), a prison supervisor, alleging that Steward intentionally denied McDonald access to the prison law library in retaliation for a lawsuit McDonald helped file against the personnel of the prison mail room. After a bench trial, the magistrate judge entered judgment in Steward's favor. McDonald appeals. The main issue for

---

[*] District Judge of the Southern District of Texas, sitting by designation.

decision is whether McDonald waived his right to a jury trial by consenting to the jurisdiction of the magistrate judge, and by participating in the bench trial without objection. We also must decide whether the magistrate judge erred in excluding the trial testimony of one of McDonald's named witnesses. Finding no reversible error, we affirm the judgment of the magistrate judge.[1]

## I.

McDonald is an inmate of the Texas Department of Criminal Justice, Institutional Division, and was housed at the "Michael Unit" at the time this action arose. At that facility, a law library was made available to the prison population. To gain access to the library, prisoners were required to complete a request slip, providing a name, identification number, work hours, school hours, and days off. The completed request slip was then submitted to Steward, the prison law library supervisor, who scheduled the prisoners for library time. By his own account,

---

[1] On appeal, McDonald also complains that (1) the magistrate judge erred in construing his denial of access claim also as a claim for retaliation, (2) the magistrate judge did not have jurisdiction or authority to rule on his motion for summary judgment, (3) the magistrate judge erred in denying his motion for summary judgment, (4) Track Two of the Civil Justice Expense and Delay Reduction Plan for the United States District Court for the Eastern District of Texas is unconstitutional, (5) the magistrate judge tampered with evidence during the trial, (6) the magistrate judge abused her discretion by ordering McDonald and other witnesses to wear leg irons during the bench trial, (7) the magistrate judge erred in failing to grant his motion for recusal, and (8) the magistrate judge erred in granting qualified immunity to Steward. We have considered these arguments and do not find them persuasive.

2

McDonald used the law library about three times a week and provided legal assistance to fellow inmates.

While incarcerated at the Michael Unit, McDonald worked on "Medical Utility Squad No. 3." This work detail was comprised of prisoners with medical problems who could perform only light tasks. Officially, members of the squad had designated work hours. In practice, they did not work regular hours because they were seldom called to duty.

Several times in August and September, 1994, McDonald was denied access to the prison law library. McDonald, accustomed to free and regular access, filed grievances with the prison administration. Through that process, McDonald learned that he was denied access to the law library because he had failed to list his work hours on several of his library request slips. He was advised that his official work hours were 10:30 p.m. to 6:00 a.m. From then on, McDonald, by his own admission, experienced no further difficulties in gaining access to the law library.

In June 1995, McDonald filed this pro se 42 U.S.C. § 1983 action, alleging that Steward had willfully and intentionally denied him access to the law library on several occasions between August 12 and September 12, 1994.[2] McDonald alleged that Steward had been dating one of the workers at the prison mailroom, and had

_____

[2] The exact nature of McDonald's 42 U.S.C. § 1983 claim is somewhat unclear. In her memorandum opinion, the magistrate judge considered both a denial-of-access-to-courts claim and a claim for unlawful retaliation. Apparently, the magistrate judge construed McDonald's § 1983 claim as comprising both causes of action. We find no error in that construction, and for purposes of this appeal construe McDonald's § 1983 claim in like fashion.

3

denied him access in retaliation for a lawsuit McDonald helped file against the mailroom personnel.[3]  An evidentiary hearing subsequently was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), in which the magistrate judge ordered Steward to answer McDonald's complaint.  At the close of the hearing, McDonald and Steward signed a written consent form, styled "Consent to Jurisdiction by a United States Magistrate Judge," which provided:

> In accordance with the provisions of Title 28, U.S.C. 636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have United States Magistrate Judge Judith K. Guthrie conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

McDonald's case was then referred to the magistrate judge by order of the district court.

Shortly after, the magistrate judge entered an order scheduling the case for a bench trial.  McDonald objected.  In a written motion filed the day before trial, McDonald moved the magistrate judge to recuse herself from the case based in part on her refusal to grant him a jury trial.  For reasons not contained in the record, the magistrate judge did not address McDonald's motion prior to trial.  Strangely, this apparent oversight was not challenged by McDonald.  On the day of trial, McDonald made several

---

[3]    Steward also sued the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), apparently alleging that it allowed Steward to violate TDCJ-ID rules.  The magistrate judge found this claim barred by the doctrine of sovereign immunity. McDonald does not challenge this ruling on appeal.

4

pretrial objections, but did not reassert his motion for recusal.[45]

Similarly, McDonald lodged numerous objections at trial, but never objected to the bench trial itself.

In a subsequent memorandum opinion, the magistrate judge denied McDonald's Section 1983 claims. The magistrate judge found that McDonald was not wrongfully denied access to the law library. The magistrate judge also held that McDonald had not proven that Steward had retaliated against him. In closing, the magistrate judge ordered "that any and all motions which may be pending in this lawsuit, by either party, are hereby denied." (emphasis omitted).[6]


II.

On appeal, McDonald complains that he was deprived of his constitutional right to a jury trial because he never consented to a bench trial. McDonald directs our attention to his original complaint, in which he plainly demanded a jury trial. He also

---

[4] McDonald complained that the state failed to respond to his discovery requests. The magistrate judge denied this motion, explaining that McDonald's case was proceeding under "Track Two" of the Civil Justice Expense and Delay Reduction Plan of the Eastern District of Texas, which allows for disclosure only.

Next, McDonald alleged that the state had amended its witness list after the deadline for doing so. The magistrate judge overruled this objection because the additional witnesses named by the state had been named on McDonald's witness list. Finally, McDonald sought permission to introduce the prison mail log as evidence. The magistrate judge denied this request, finding the mail log irrelevant to McDonald's claims.

[6] We presume that the magistrate judge's blanket denial of all pending motions included McDonald's motion for recusal.

contends that he repeated his desire for jury trial at the **Spears** hearing. Steward responds by arguing that McDonald waived his right to a jury trial at both the **Spears** hearing and at trial. We find that McDonald did not waive his right to a jury trial, and was mistakenly denied this right.

The right to a jury trial may be waived in civil cases. **Rideau v. Parkem Indus. Serv., Inc.**, 917 F.2d 892, 896 (5th Cir. 1990) (citing **Country (Social) Club of Savannah, Inc. v. Sutherland**, 411 F.2d 599, 600 (5th Cir. 1969)). Waiver of the right, while often seen in an express statement or stipulation, may also be inferred from a party's conduct. *See* **Casperone v. Landmark Oil & Gas Corp.**, 819 F.2d 112, 116 (5th Cir. 1987) (failure to appear at trial may constitute implied waiver of right to jury trial); **Southland Reship, Inc. v. Flegel**, 534 F.2d 639, 644 (5th Cir. 1976) (implied waiver of right to jury trial resulting from failure to object at consolidated hearing on preliminary and permanent injunctions); **Bass v. Hoagland**, 172 F.2d 205, 209 (5th Cir.) (observing *in dicta* that "the right to jury trial . . . may be waived . . . by mere acquiescence, when the party or his counsel is present and not objecting"), *cert. denied*, 338 U.S. 816 (1949). Nevertheless, we must be mindful that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." **Bowles v. Bennett**, 629 F.2d 1092, 1095 (5th Cir. 1980) (quoting **Dimick v. Schiedt**, 293 U.S. 474, 486 (1935)). Thus,

6

courts should "indulge every reasonable presumption against waiver." **_McAfee v. U.P. Martin_**, 63 F.3d 436, 437 (5th Cir. 1995) (quoting **_Bowles_**, 629 F.2d at 1095)).  Waiver should not be found in a "doubtful situation."  **_Id_**.

Here, McDonald requested a jury trial in his initial complaint and was entitled to rely on that demand.  Steward, however, argues that McDonald later waived his right to a jury trial at the **_Spears_** hearing when he "consented to allow the United States Magistrate Judge to enter final judgment in this case."  Steward's argument is without merit.

At the **_Spears_** hearing, which was captured on videotape, the following colloquy occurred between McDonald and the magistrate judge:

> The Court:     Right now your case is assigned to me to hold this hearing today to get an understanding of the facts.  If you have no objection I can remain as the judge on the case through any trial we might have and the final judgment. Do you have any objection to me remaining as the judge on your case?
>
> McDonald:     Well, I'd rather have the judge make the final ruling.
>
> The Court:     I am a judge.
>
> McDonald:     Are you judge?  I thought you was the magistrate.
>
> The Court:     Well I am a magistrate judge. I am a judge of the federal court.
>
> McDonald:     [short unintellible utterance]
>
> The Court:     I mean, but, its up to you.  I mean, do you have a . . . ?
>
> McDonald:     I wanted a jury to handle . . . .

7

```
The Court:      I can give you a jury trial.
That's . . . .

McDonald:       [short      unintelligible
utterance]  I just wanted a jury trial on the
matter, you know?

The Court:      Well, so, do you have an
objection to me presiding at any jury trial?

McDonald:       No m'am, I don't have no
objection.

The Court:      Okay.  Warden Caskey has a form
there then if you'll sign it to confirm that
you have no objection to my remaining as the
judge on your case.

McDonald:       Yes ma'am.
```

McDonald and Steward then signed the written consent, as described above, authorizing the magistrate judge to conduct all further proceedings in the case.

On these facts, it is evident that at the **Spears** hearing McDonald consented to the magistrate judge presiding over a jury trial, not a bench trial.  Steward is incorrect in suggesting that McDonald, by consenting to the authority of the magistrate judge, waived his jury trial right.  Mere consent to the jurisdiction of a magistrate judge is not tantamount to an express waiver of the right to a jury trial.

Steward contends, however, that "[McDonald] made no objection at the bench trial on January 3, 1996, waiving any such error for appellate purposes."  Essentially, Steward is arguing that McDonald's failure to voice any opposition at trial amounted to an implied waiver of his right to a jury trial.

8

Steward's argument aptly recognizes that a party may waive its right to a jury trial by "mere acquiescence," *Bass*, 172 F.2d at 209, and that participation in a bench trial without objection may, under certain circumstances, constitute a waiver of the right to a jury trial. *Casperone*, 819 F.2d at 116. Steward is also correct in observing that McDonald failed to assert his right to a jury trial during the bench trial. Normally, such failure might well result in a waiver of the right.

Here, however, McDonald made known his desire for a jury trial in his complaint and at the *Spears* hearing, and did so without equivocation or ambiguity. Indeed, McDonald made clear his desire shortly before trial by expressly objecting to the bench trial in his motion for recusal. Mistakenly, the magistrate judge allowed the trial to proceed without addressing McDonald's motion. Under these circumstances, we cannot hold McDonald responsible for the magistrate judge's oversight. We conclude that McDonald, who was not represented by counsel, adequately preserved his right to a jury trial.

## III.

If this were the end of our inquiry, we would be required to remand this action for a trial by jury. However, it is settled law in this Circuit that "even if a party is erroneously denied a jury trial, the error is harmless if the evidence could not have withstood a motion for a directed verdict at trial." *Lewis v. Thigpen*, 767 F.2d 252, 260 (5th Cir. 1985) (citing *Cox v. C.H.*

*Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)).  The standard for determining whether evidence is sufficient to go to a jury was explained in *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).  There, we held that a motion for a directed verdict should be granted "[i]f the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict."  *Id*.  "A mere scintilla of evidence is insufficient to present a question to the jury."  *Id*.  Applying these principles to the present case, we must determine whether McDonald's denial of access claim and retaliation claim could have withstood a motion for directed verdict.  We look first to McDonald's denial of access claim.

A.

Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *DeGrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)).  Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." *Lewis v. Casey*, 116 S. Ct. 2174, 2185 (1996) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994) (right of meaningful access

10

to courts may be narrowed under certain circumstances). Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." *Eason*, 73 F.3d at 1328 (citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993)).

At trial, McDonald attempted to show that Steward deliberately denied him access to the law library, which prejudiced his rights in other pending cases.[7] However, the bulk of evidence presented at trial refuted his claim. The record showed that on the occasions when McDonald was denied library time, he had failed to include his work hours on his request slips. The evidence demonstrated that once McDonald ascertained his work hours, and began placing them on his request slips, he was not denied access to the law library. There was no evidence presented at trial showing that Steward denied McDonald access to the law library based on improper motives. To the contrary, the record showed that McDonald was granted library access on two occasions in August 1994, but refused to attend one of the sessions.[8]

---

[7] McDonald presented evidence that on several occasions in August and September, 1994, he submitted request slips to Steward but was not granted library time. He also testified that prior to this period of time he enjoyed access to the law library on a regular basis. This is about the only evidence offered at trial that supports McDonald's claim.

[8] Likewise, McDonald presented insufficient evidence at trial to demonstrate that McDonald suffered prejudice from being denied access to the law library. McDonald testified that he was forced to dismiss without prejudice several cases due to insufficient library time. But McDonald admitted that he never attempted to refile these actions. He further conceded that he

11

In sum, there was insufficient evidence presented at trial from which a reasonable jury could conclude that McDonald was wrongfully denied access to the prison law library.[9] Accordingly, McDonald's denial of access claim would not have withstood a motion for a directed verdict. The failure to grant McDonald a jury trial on this claim was harmless error.

B.

We next must decide whether sufficient evidence was presented at trial to allow a jury to decide McDonald's claim that Steward retaliated against McDonald for helping another inmate file a lawsuit against the mailroom. It is well established that prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 800 (1996). To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting

managed to file two new actions during the months he was allegedly denied access to the library.

[9] Additionally, there is nothing in the record that would lead us to believe that the law library policy of requiring inmates to state their work hours on library slips is an unreasonable regulation.

*Woods*, 60 F.3d at 1166), *cert. denied*, ___ S. Ct. ____, 66 U.S.L.W. 3178 (U.S. Dec. 1, 1997) (No. 97-403).

Here, McDonald failed to adduce any evidence that Steward acted with retaliatory intent. Consequently, McDonald failed to establish the second and fourth elements of his retaliation claim. Accordingly, we find that McDonald's retaliation claim would not have survived a motion for a directed verdict. The magistrate judge's failure to grant McDonald a jury trial on this claim is harmless error.


                                  IV.

The final question we must decide is whether the magistrate judge abused her discretion in refusing to allow Gregorio Sanchez, Jr. ("Sanchez"), a fellow inmate, to testify for McDonald at trial. The magistrate judge excluded Sanchez's testimony as cumulative. McDonald argues that Sanchez's proposed testimony was not cumulative because no other witness could testify to the alleged conspiracy between Betty L. Calk ("Calk"), a mailroom clerk, and Steward, to deny McDonald access to the law library.

We review a district court's ruling to exclude evidence for an abuse of discretion. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1329 (5th Cir. 1996) (citations omitted). However, we "will not disturb an evidentiary ruling, albeit an erroneous one, unless it affects a substantial right of the complaining party." *Polythane Sys. Inc. v. Marina Ventures Int'l, Ltd.*, 993 F.2d 1201, 1208 (5th Cir. 1993) (citations omitted), *cert. denied*, 510 U.S. 1116 (1994).

13

The burden of proving substantial prejudice lies with the party asserting error. ***Federal Deposit Ins. Corp. v. Mijalis***, 15 F.3d 1314, 1319 (5th Cir. 1994). Having reviewed the record in this case, it appears that Sanchez's proposed testimony was not cumulative. However, we do not reverse the magistrate judge because McDonald has failed to demonstrate that the exclusion of Sanchez's testimony substantially affected his rights.

In assigning error to the magistrate judge, McDonald relies exclusively on an affidavit in which Sanchez claimed to have heard Calk tell Steward "that as long as he keeps Willie Ray McDonald out of the Law Library that they will not have any trouble."[10] In that affidavit, Sanchez also claimed to have "evidence in the form of grievances and other documentary evidence to show that James Stewart denies access to Court to Plaintiff, me and other inmates who file Grievances, Law Suits and other legal claims against TDCJ-ID employees." McDonald's reliance on Sanchez's affidavit is fatal to his cause of action.

The portion of Sanchez's affidavit regarding Calk's alleged statement to Steward is inadmissible hearsay. Thus, Sanchez could not have testified to this statement at trial. Furthermore, even if Sanchez were allowed to testify to the alleged statement, that one remark does not constitute a sufficient factual basis for finding an unlawful conspiracy between Steward and the prison mailroom. While Sanchez claimed to have other documentary evidence

---

[10] McDonald submitted Sanchez's affidavit to the magistrate judge prior to trial.

14

of Steward's alleged wrongdoing, he failed to identify that evidence with any specificity.  Also missing is an explanation from McDonald as to why he did not offer Sanchez's evidence at trial.

Accordingly, viewing Sanchez's proposed testimony in light of the whole record, we hold that McDonald has failed to show that his rights were substantially affected by its exclusion.  Thus, we cannot ascribe reversible error to the magistrate judge's ruling.

V.

For the foregoing reasons, the judgment of the magistrate judge is **AFFIRMED**.

15