Robert Reid v. Brodeur, et al.        CV-96-492-B    01/24/00
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE


**Robert Reid**

    **v.**                                    Civil No. 96-492-B
                                        Opinion No. 2000 DNH 022
**Paul Brodeur, et al.**


                    <u>MEMORANDUM AND ORDER</u>

     Robert Reid has sued 18 present and former members of the

New Hampshire Department of Corrections seeking damages and

injunctive relief pursuant to 42 U.S.C. § 1983.  He alleges that

the defendants violated: (1) his Eighth Amendment right to be

free from cruel  and unusual punishment; (2) his First Amendment

right to be free from retaliation for exercising his First

Amendment rights; (3) his Fourteenth Amendment right to equal

protection; (4) his Fourteenth Amendment right to procedural due

process; and (5) his First Amendment right of access to the

courts.  He has sued all of the defendants in both their

individual and official capacities.

     Reid's core complaint is that several prison guards beat and

physically harassed him on several occasions.  He asserts that

the beatings and harassment were inflicted to retaliate against

him because he filed unspecified complaints and because he is black. He also asserts that he was disciplined, reclassified, placed in solitary confinement, and moved from one section of the prison to another without justification and without the procedural safeguards to which he is entitled. Finally, he claims that prison officials denied him the assistance of a law clerk and tampered with his legal mail.

Defendants have moved to dismiss the complaint for failure to state a claim. I briefly address the defendants' arguments.

## I. **Official Capacity Claims**

Reid's official capacity claims for damages are barred by the Eleventh Amendment but his claims for prospective injunctive relief are not. See Neo Gen Screening, Inc. v. New England Newborn Screening Program, 187 F.3d 24, 27 (1st Cir.), cert. denied, 120 S. Ct. 615 (1999). Accordingly, I dismiss only Reid's official capacity claims for damages.

## II. **Eighth Amendment Claim - Excessive Force**

The test for an Eighth Amendment claim alleging the use of

excessive force is whether force was applied "maliciously and sadistically to cause harm" rather than in a "good faith effort to maintain or restore discipline." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Here, Reid alleges that prison guards repeatedly physically abused him, not in an effort to maintain and restore discipline, but to retaliate against him and because he is black. These allegations state an Eighth Amendment violation.[1] Defendants' motion to dismiss Reid's Eighth Amendment claims is denied.

## III. First Amendment - Retaliation Claims

To prevail on a claim of retaliation in violation of his First Amendment rights, Reid must show that: (1) he had a First Amendment right; (2) the defendants took an adverse action against him; (3) with an intention to retaliate; and (4) the retaliatory act caused the injury for which he is seeking

---

[1] It is unlikely that all of the defendants can be liable for Eighth Amendment violations. Because defendants have not attempted to specify which of them may be held liable and which may not, I will not attempt to sort the matter out on my own. I follow the same approach with respect to Reid's remaining claims.

compensation.  <u>See</u> <u>McDonald v. Steward</u>, 132 F.3d 225, 231 (5th Cir. 1998).  Reid claims that he was beaten, harassed and suffered other adverse actions because he filed lawsuits against

the prison.  This is sufficient to state a claim of unlawful retaliation.  Defendants' motion to dismiss these claims is denied.

## IV.   Fourteenth Amendment

To prove a claim of racial discrimination in violation of the Fourteenth Amendment's Equal Protection Clause, Reid must show that the defendants injured him by intentionally subjecting him to discrimination without justification because of his race. See Judge v. City of Lowell, 160 F.3d 67, 75 (1st Cir. 1998). Here, Reid alleges that he was subject to beatings and other physical harassment simply because he is black.  This is sufficient to state an equal protection claim.  Defendants' motion to dismiss these claims is denied.

## V.   Fourteenth Amendment - Procedural Due Process

Reid alleges that he was placed in punitive segregation, moved from one tier to another within the prison's special housing unit, reclassified, and subjected to a loss of good time credits without the procedures to which he is entitled by state

law and the Fourteenth Amendment's due process clause.

Defendants first argue that these claims are defective because Reid has not sufficiently alleged that they have deprived him of a protected liberty interest. Insofar as Reid argues that he has a protected liberty interest in avoiding punitive segregation, movement within the special housing unit, and reclassification, I agree. See Sandin v. Conner, 512 U.S. 472, 485-86 (1995) (holding hat prisoner's discipline in segregated confinement "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest"); Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (holding that prisoner had no protected property or liberty interest in custodial classifications). I decline to decide whether Reid has alleged a liberty interest in the loss of good time credits as the issue is factually and legally complex, see, e.g., Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir. 1995) (vacated on other grounds, 520 U.S. 1238 (1997)), and has not been properly briefed. I also decline to consider whether Reid must first pursue his claim for loss of good time credits in an

action for habeas corpus, see, e.g., Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir. 1998).

I dismiss Reid's procedural due process claims to the extent that he bases the claim on punitive segregation, transfer within the special housing unit, or reclassification. I decline to determine at the present time whether Reid has stated a claim that he has a protected liberty interest in avoiding the loss of good time credits and whether he must first pursue this claim through a habeas corpus petition before bringing a claim for damages based on 42 U.S.C. § 1983.

Defendants also argue that they are absolutely immune from liability for any procedural due process violations arising from the prison disciplinary process. This claim has no merit. See Cleavinger v. Saxner, 474 U.S. 193, 206 (1985) (recognizing qualified, but not absolute, immunity for members of prison disciplinary committee); Hameed v. Mann, 57 F.3d 217, 224 (2d Cir. 1995) (holding that hearing officer was not entitled to absolute immunity but may have been entitled to qualified immunity). Defendants also argue that Reid's claims must be dismissed because the due process clause requires proof of more

than mere negligence.  This argument makes no sense in light of

Reid's allegation that the defendants intentionally deprived him

of his due process rights.

## VI.   First Amendment - Right of Access to The Courts

Reid asserts that the defendants interfered with his right of access to the courts by (1) failing to provide him with a law clerk to assist him in preparing his legal filings; (2) "taking" his legal papers outside of his presence; and (3) on one occasion failing to send promptly by certified mail two pleadings that he wished to file with the court of appeals.

While a prison inmate retains a First Amendment right of access to the courts, a prison may impose reasonable restrictions on the manner in which that right is exercised.  For example, a prison is not constitutionally obligated to provide inmates with law clerks if a prisoner can satisfy his right of access to the courts through other means.  Further, a plaintiff alleging a denial of his right of access to the courts must establish that he suffered actual injury as a result of defendants' allegedly illegal actions.  See Lewis v. Casey, 518 U.S. 343, 351-52 (1996).  Here, Reid has failed to allege the kind of conduct by

the defendants that could support his claims.  Accordingly, I grant defendants' motion to dismiss these claims.

## VII. <u>Conclusion</u>

I grant defendants' motion to dismiss Reid's official capacity claims for damages, his procedural due process claims to the extent that they are based on alleged deprivations of anything other than his loss of good time credits, and his right of access to the courts claims.  I otherwise deny defendants' motion to dismiss (doc. no. 88).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 24, 2000

cc:  Robert Reid, pro se
     Nancy Smith, Esq.