# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-20680
Summary Calendar

CHARLES EDMUND STAGGS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; KENT RAMSEY;
MICHAEL WILSON; MICHAEL HALL; JERRY
JACKSON; JOHNNY THOMAS; JAMES A.
SIMPSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1448

July 24, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

Charles Edmund Staggs appeals the dismissal of his civil rights complaint for

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim.[1] We review such a dismissal under the same *de novo* standard as is employed in reviewing dismissals under FED. R. CIV. P. 12(b)(6).[2] Under this standard we will "assume that all of the plaintiff's factual allegations are true. The district court's dismissal may be upheld only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."[3]

In his complaint Staggs alleges that the defendants improperly prevented him from having as a visitor Ann Kemp, who was at the time his fiancee and is now his wife. Staggs maintained that visitation rights were denied under internal policy which, for security reasons, forbids former employees of the Texas Department of Criminal Justice from visiting inmates. Although Staggs admitted that Kemp worked as a nurse at his prison, he asserted that she was not a former TDCJ employee because she actually had been employed by the University of Texas Medical Branch.

Convicted prisoners have no absolute constitutional right to visitation.[4] Limitations on visitation, however, must meet legitimate penological objectives, and the court must "look to see whether the prison's visitation policies actually

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii).

[2]**Black v. Warren**, 134 F.3d 732 (5th Cir. 1998).

[3]**Bradley v. Puckett**, 157 F.3d 1022, 1025 (5th Cir. 1998) (internal quotation marks and citation omitted).

[4]**Lynott v. Henderson**, 610 F.2d 340 (5th Cir. 1980); **Berry v. Brady**, 192 F.2d 504 (5th Cir. 1999).

further those objectives."[5] Staggs has no quarrel with the defendants' policy that former employees may not visit inmates; he contests only the defendants' inclusion of his wife within the category of former employees. As Staggs is challenging only the defendants' construction of their own regulations, he has not stated a cognizable constitutional claim.[6]

Staggs has not shown that he was harmed by the district court's allegedly improper reference to "supplemental information" regarding his rights to visit with his stepdaughter, Evelyn Kemp.[7] He also has not shown that the district court erred in failing to address his claims (1) that the defendants violated their own rules in failing to notify him in writing of the reasons for denying his visitation requests, and (2) defendants Major Thomas and Captain Simpson retaliated against him based on his request to visit with his wife.[8] To state a valid retaliation claim, plaintiff must show, *inter alia*, that defendants intended to retaliate against him for the exercise of a specific constitutional right. This Staggs has failed to do.

The district court did not err in dismissing Staggs' complaint. Staggs has failed to state a claim upon which relief can be granted.

AFFIRMED.

---

[5]**Lynott**, 610 F.2d at 342, 343.

[6]**Jackson v. Cain**, 864 F.2d 1235

[7]See FED. R. CIV. P. 61.

[8]**Jackson**, 864 F.2d at 1251-52; **McDonald v. Steward**, 132 F.3d 225 (5th Cir. 1998).

3