IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60353
Summary Calendar
_____

DAVID GRAY,

                                    Plaintiff-Appellant,

versus

DAVID TURNER, Superintendent
Southern Mississippi Correctional
Institution; MICHAEL BERNHARDT, Captain,
Southern Mississippi Correctional
Institution; HUBERT JORDAN, Lieutenant,
Southern Mississippi Correctional
Institution; JERRY WALLY, Lieutenant,
Southern Mississippi Correctional Institution;
JACKIE LANCASTER, Lieutenant, Southern
Mississippi Correctional Institution;
RANDY ANDERSON, Lieutenant, Southern Mississippi
Correctional Institution; ARTIS BYRD, Sergeant,
Southern Mississippi Correctional Institution;
ANDREW MILLS; ANN REID, Case Manager;
SHELIA FANCHER, Deputy Warden,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2-99-CV-64-PC
- - - - - - - - - -
November 2, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    David Gray, Mississippi prisoner # 01440, appeals from the

magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Gray alleges that the defendants retaliated against him for filing a prior civil action.

A dismissal of an in forma pauperis complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is reviewed de novo.  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).  To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Gray has failed to allege more than his personal belief that he is the victim of retaliation.  Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997).  Because Gray has failed to state a valid claim for retaliation, the judgment of the district court is AFFIRMED.