IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10602
Conference Calendar
_____

MICHAEL ANTHONY HUGHES,

Plaintiff-Appellant,

versus

JIM HAMLIN, Criminal District Clerk;
PRESTON SCOTT, JR, Clerk,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-1991-D
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Anthony Hughes, Texas prisoner # 556516, appeals the
dismissal of his 42 U.S.C. § 1983 compliant pursuant to Fed.
R. Civ. P. 12(c). He argues that his constitutional right to
access to the courts was denied when the defendants received but
did not file his state habeas application.

"Judgment on the pleadings is appropriate only if material
facts are not in dispute and questions of law are all that
remain." Voest-Alpine Trading USA Corp. v. Bank of China, 142

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.3d 887, 891 (5th Cir. 1998).  A prisoner must allege a deliberate denial of his right of access to the courts to allege the deprivation of a substantive constitutional right  Jackson v. Procunier, 789 F.2d 307, 311 (5th Cir. 1986).  A prisoner furthermore may not prevail on a claim that his constitutional right of access to the courts was violated unless he demonstrates prejudice.  Mc Donald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998).

Hughes has alleged no facts which would tend to prove that the defendants acted deliberately or that the delay caused by their alleged error prejudiced him in any way.  He argues only that the defendants were under a duty to file his habeas application and that duty was breached.  Hughes has done nothing more than allege negligent conduct, which is not actionable under 42 U.S.C. § 1983.  See, e.g., Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986) (where gravamen of the plaintiff's claim is negligence insofar as it alleges that the defendants breached their duty to protect the decedent, the Fourteenth Amendment to the United States Constitution does not afford him a remedy).

AFFIRMED.