IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10610
Summary Calendar
_____

CARLOS ABAD,

Plaintiff-Appellant,

versus

LUPE LOZANO, Warden, Preston E. Smith Unit;
NFN HERRON, Major; NFN CAMPOS, Officer, Preston
E. Smith Unit; NFN ODEM, Officer, Preston E. Smith
Unit; GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION; NFN HENSLEY,
Health Administrator, Preston E. Smith Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CV-52-BG
--------------------
January 28, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Carlos Abad, Texas prisoner # 578948, appeals the dismissal
of his 42 U.S.C. § 1983 complaint as frivolous pursuant to
28 U.S.C. § 1915(e).  Abad argues that prison officials failed
to protect him from harm when a riot occurred at the Preston E.
Smith Unit and then failed to provide him with adequate medical

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

care.  The district court dismissed these claims, as well as a claim of retaliation in the form of a disciplinary case for cursing at an officer, because Abad failed to exhaust his administrative remedies.  Because Abad has not addressed the basis of the district court's dismissal, these claims are deemed abandoned.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Afforded liberal construction, Abad argues that prison officials retaliated against him for filing his complaint by confiscating his legal materials and filing a disciplinary case against him for the possession of tobacco.  Based on our review of the record, we conclude that Abad has not established a claim of retaliation.  See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Abad also argues that prison officials retaliated against him by removing him from his prison job.  The district court found that Abad failed to exhaust this claim.  Afforded liberal construction, Abad argues that he exhausted his administrative remedies by writing to prison officials.  It is evident, however, that Abad did not exhaust his remedies pursuant to the Texas Department of Criminal Justice's established two-step administrative process.  See Wendell v. Asher, 162 F.3d 887, 891 (5th Cir. 1998).  Further, even if Abad did properly exhaust this

claim, he has not made the requisite showing that retaliation was the motive for his job loss.  See Woods, 60 F.3d at 1166.

AFFIRMED.