United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 14, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-40435
Summary Calendar

JON MICHAEL WITHROW,

Plaintiff-Appellant,

versus

JASON HEATON, Etc.; ET AL,

Defendants,

JASON HEATON, Warden II, Coffield Unit; NOAH WALKER,
Captain, Coffield Unit,

Defendants-
Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-627
-----------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jon Michael Withrow, Texas prisoner #675379, appeals judgment for the defendants pursuant

to FED. R. CIV. P. 52(c) in his civil rights suit filed pursuant to 42 U.S.C. § 1983. Withrow alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that the magistrate judge entered erroneous findings of fact and conclusions of law.  This court's review of the transcript indicates that the magistrate judge did not clearly err in making findings of fact.  Samson v. Apollo Resources, Inc., 242 F.3d 629, 632 (5th Cir.), cert. denied, 534 U.S. 825 (2001).  Nor does Withrow show that the magistrate judge's conclusion that the defendants did not violate the Eighth Amendment was error.  Under the totality of the circumstances, Withrow fails to show that the defendants were deliberately indifferent to his health or safety.  Farmer v. Brennan, 511 U.S. 825, 832 (1994); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir.1999).

Withrow's arguments that the magistrate judge erred when she  denied his motion to amend his complaint fails because amendment would have been futile.  McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 314 (5th Cir. 2002), cert. denied, 2000 WL 162789 (2003).

Withrow argues that the magistrate judge abused her discretion when she denied his motion for a continuance so that discovery could be completed fails because he does not show that he was seriously harmed by the denial.  United States v. Khan, 728 F.2d 676, 681 (5th Cir. 1984).  Likewise, his argument that the magistrate judge erred when it allowed a work order into evidence also fails because he does not show that the ruling affected his substantial rights.  McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.