United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40158
Conference Calendar

STEVEN C. MOODY,

Plaintiff-Appellant,

versus

JOHN S. APPLEMAN; KATHY MCCOLLUM; B. RICHARD; E. RICHARDSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-58
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Steven Moody, Texas prisoner # 809008, appeals the district court's dismissal of his civil rights suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). He argues, as he did in the district court, that the clerk of the state court and deputy clerks denied him access to the courts when they refused to file his state petition when he first submitted it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To state a denial of access claim, the prisoner must demonstrate that his position as a litigant has been prejudiced by the defendants' actions.  McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998).  The record and Moody's allegations demonstrate that he could not show how he was prejudiced by the delayed filing of his petition in state court or that the defendants were wrong to require Moody to file an affidavit listing his prior suits.  The district court's dismissal of Moody's complaint was not error.

Further, Moody's appellate arguments are without arguable merit, and his appeal is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of his appeal as frivolous and the district court's dismissal count as two strikes for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Moody is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See id.; 28 U.S.C. § 1915(g).

Moody's motions to expand the record with new evidence and for the appointment of counsel are denied.

DISMISSED AS FRIVOLOUS; THREE-STRIKES WARNING ISSUED; MOTIONS DENIED.