United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30150
Summary Calendar

HAROLD J. VINCENT,

Plaintiff-Appellee,

versus

RICHARD L. STALDER; ET AL.,

Defendants,

RICHARD L. STALDER; JOHNNY CREED,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-665
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Richard L. Stalder and Johnny Creed appeal the district court's denial of their motion to dismiss a civil rights complaint filed against them by Harold J. Vincent, Louisiana state prisoner # 73128. The appellants contend that they were entitled to a dismissal based on the defense of qualified immunity because Vincent failed to allege specific facts to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his claim that his transfer to the Louisiana State Penitentiary (Angola) was in retaliation for his exercising his right of access to the courts.

Vincent's allegations were sufficient to defeat a motion to dismiss based on qualified immunity. Viewing Vincent's allegations as true, they reflect that he was suddenly transferred to Angola after being incarcerated at the David Wade Correctional Center (Wade) for eleven years and that the transfer occurred shortly after Vincent refused the warden's demand to end his involvement in the grand jury's investigation of the Wade facility. His allegations further reflect that Stalder and Creed were required to approve the transfer and, thus, it can be inferred that they were advised of the reason for the transfer or would have questioned the reason for the sudden change in Vincent's security status. The allegations concerning the circumstances surrounding Vincent's transfer raise a plausible inference that it was in retaliation for his exercising his right of access to the courts, a clearly established constitutional right. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir 1995). The district court did not err in denying the defendants' motion to dismiss based on the insufficiency of Vincent's allegations to defeat their defense of qualified immunity.

Vincent's motion for appointment of counsel is DENIED because he has demonstrated his ability to provide himself with

adequate representation on appeal.  See Ulmers v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

AFFIRMED.