United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

No. 03-10926
Summary Calendar

———————————————————

MICHAEL EUGENE GEIGER,

                                        Plaintiff-Appellant,

versus

PATRICIA PRIOR; KEITH PRICE; RICHARD DUFFY; CATHY BOEHNING;
RAYMOND DURAN; JAMESON E. PERDUE; ALAN MERCHANT; DAVID MOORE;
BRUCE SHIELDS; KARLA D. STEWART; IDELLA JACKSON; MICHAEL V.
HOBBS; ARTRAIL TILMAN; JIMMY OTTS; WILBUR KEMPH; JONATHAN CRAINE;
OMAR SANCHEZ; MICHAEL J. NOE; RICKY MILNER; WILLIAM C.
BRIDGEWATER; DERRICK DEGNER; LOLA PARSCAL; JAIME PENA; AMY
THOMAS; OFFICER HERNANDES; OFFICER ROCHOA; FRANK POHLMEIER; JAMES
TURNER; MIKE ROLAND; GREGORY BOLAND; CHARLES HAMILTON; JAMES
BEACH; JACK BOLAND; CARISSA NORTON; CLIFTON COOPER; NFN PARKER;
NFN CARR,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:01-CV-322
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:*

    Michael Eugene Geiger, Texas prisoner # 577721, proceeding

pro se and in forma pauperis (IFP), appeals the district court's

dismissal of his 42 U.S.C. § 1983 civil rights action against

Texas Department of Criminal Justice (TDCJ) officials.  He

reiterates many of the claims he raised in his complaint

---
    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concerning his trip to the Clements Unit and his treatment by TDCJ officials after his arrival, and he contends that the district court erred in deciding the claims.  However, Geiger has failed to show any error in the district court's judgment.  See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999); McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Sandin v. Conner, 515 U.S. 472, 484 (1995).

Geiger also argues that (1) prison officials participated in "hoe checking" or "going hard," which involved "seeing how much gas a prisoner can take" and "how much force a prisoner can take from a [five] man assault team resulting in bloodshed," (2) he and others were punished and demoted before there was a disciplinary review or hearings, (3) parole eligibility and state records were "manipulated to imply assaultive or deviated conduct history and aggression solely for verbal conduct deemed a threat," (4) officers engaged in voyeurism, (5) mail was opened by officers after mail room inspection and taken, and prisoner meals were denied if prisoners questioned this, (6) he was attacked physically and his property was destroyed on July 9, 2002, before a court appearance, and (7) "security" instructed the medical staff and psychology department on which prisoners to treat and not to treat.  However, he did not raise these claims in his amended complaint or at an evidentiary hearing, and he may not raise them for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Geiger's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS his appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous and for failure to state a claim upon which relief can be granted constitute two "strikes" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Geiger is WARNED that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.