



# MEMORANDUM OPINION

No. 04-09-00444-CV

Jerry **WANZER**,
Appellant

v.

Jerry **SANCHEZ**, Pamela Wagner, Debra Lynn Gloor, Peggy Lea Gohlke, Placido Samaniego,
Thomas Hinkle, and James Huwe,
Appellees

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 07-12-00179-CVK
Honorable Ron Carr, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   July 21, 2010

AFFIRMED

Inmate Jerry Wanzer appeals a trial court order declaring him to be a vexatious litigant and dismissing his civil rights suit against prison employees after he failed to furnish court ordered security. Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's order in this memorandum opinion under Texas Rule of Appellate Procedure 47.4.

1. Wanzer contends the State did not meet its burden under the vexatious litigant statute because it failed to demonstrate he had no reasonable probability of prevailing in the underlying litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.054 (Vernon 2002) ("A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant . . . ."). Wanzer's petition states he is suing various prison employees in their individual and official capacities pursuant to 42 U.S.C. section 1983 for retaliation and deliberate indifference to his medical needs. "[N]either a State nor its officials acting in their official capacities are 'persons' under [section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because Wanzer's claims against the defendants in their official capacities fall outside the scope of section 1983, there is not a reasonable probability that Wanzer would have prevailed on such claims.

Wanzer alleges in his petition that the defendants intentionally housed him with dangerous inmates in retaliation for filing suit against the prison system and prison officials. To prevail on a claim of retaliation, an inmate must establish: (1) a specific constitutional right; (2) the defendants' intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act; and (4) causation—a showing that "'but for the retaliatory motive, the complained of incident . . . would not have occurred.'" *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (citation omitted). Other than Wanzer's personal belief that he was retaliated against, nothing before us suggests that any of the defendants acted with retaliatory intent when they decided to house Wanzer with the inmates in question. A retaliation claimant must be able to show more than a personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Thus, there is not a reasonable probability that Wanzer would have prevailed on his claim of retaliation.

Wanzer further alleges in his petition that prison personnel were deliberately indifferent to his medical needs when they failed to provide adequate treatment for his fractured hands and ceased giving him "isocal treatments" to combat his weight loss. An official is not liable for failing to provide medical care to an inmate unless there was a deliberate indifference to the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for determining deliberate indifference is subjective: "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Wanzer's allegations concerning the treatment of his fractured hands and cessation of his isocal treatments constitute nothing more than a disagreement with his caregivers over his medical care. A disagreement between an inmate and his medical provider over the inmate's proper medical treatment does not state a section 1983 claim. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Because nothing suggests deliberate indifference on the part of the defendants in connection with Wanzer's medical care, there is not a reasonable probability that Wanzer would have prevailed on his medical indifference claim. Wanzer's second issue on appeal is overruled.

2.     Wanzer contends the State failed to meet its burden under the vexatious litigant statute because it did not prove that, in the seven-year period immediately preceding the date the defendants filed their vexatious litigant motion, he "commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that" were: (a) finally determined adversely to him; (b) permitted to remain pending at least two years without having been brought to trial or hearing; or (c) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure. *See* TEX. CIV. PRAC. & REM. CODE

ANN. § 11.054.  Specifically, Wanzer argues three of the lawsuits relied upon by the State in support of its motion to declare him a vexatious litigant were not final prior to the date the State filed its motion.  The record, however, does not support Wanzer's assertion.  The documentary proof attached to the State's vexatious litigant motion confirms that each of the lawsuits cited by the State were determined adversely to Wanzer and final.  Wanzer's first issue on appeal is overruled.

3.      Lastly, Wanzer argues the trial court erred in dismissing his case with prejudice.  Absent from Wanzer's brief is any substantive analysis to explain or develop this contention.  Parties asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support their contentions.  *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Med. Specialist Group, P.A. v. Radiology Assocs.*, L.L.P., 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (explaining an appellant's "[f]ailure to cite authority or provide substantive analysis waives an issue on appeal"); *Bradt v. West*, 892 S.W.2d 56, 69 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (recognizing the fact that a brief contains some legal authority is not alone sufficient to comprise "argument" necessary to keep from waiving a complaint as both authorities and argument are required).  By not furnishing any analysis or discussion to assist the court in evaluating this particular complaint, Wanzer has waived his third issue on appeal.

The trial court's order is affirmed.

Catherine Stone, Chief Justice