# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 1, 2010

Lyle W. Cayce
Clerk

No. 10-20024
Summary Calendar

VIRGINIA KINNEY,

Plaintiff-Appellant

v.

AKER KVAERNER INC.;
AKER KVAERNER STRATEGIC OPERATIONS, INC.

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-860

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Virginia Kinney refused a Rule 68 offer of judgment ($17,000) from her former employer whom she had sued on several grounds. She received a partial judgment for over $5,600 for an FLSA violation (and attorneys fees), then went to a bench trial on claims for discrimination and contract breach and lost. The court entered final judgment on the merits and subsequently denied her Rule 59

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20024

motions and granted appellees' motion pursuant to Federal Rules of Civil Procedure 68, to assess nearly $6,000 in court costs against Kinney.

Kinney timely appealed the Rule 68 order but also vigorously contests the trial court's failure to grant her a jury trial. We find no error and affirm.

1. To the extent Kinney now argues that the Rule 68 order was erroneous, she is plainly wrong. The rule is not discretionary: Once a plaintiff has been offered a judgment, refused it, and receives a lower or no award at trial, "the offeree must pay the costs incurred after the offer was made."

2. Kinney did not file a notice of appeal of the final judgment within thirty days as required by Federal Rules of Appellate Procedure 4(a)(1)(A). But even if her pro se appeal were timely, she waived any objection to a jury trial because she raised no complaint about the court's seasonable bench trial notice either in her subsequent pleadings or before or during the bench trial. *See McDonald v. Stewart*, 132 F.3d 225, 229 (5th Cir. 1998).

**AFFIRMED.**