# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

No. 10-30418
Summary Calendar

Lyle W. Cayce
Clerk

ERIN A HUNTER,

Plaintiff-Appellant

v.

HAROLD STERLING; JOSEPH DUFOUR; JAMES LEBLANC; BURL CAIN;
DARRYL VANNOY; BILLY MOCK; PATRICK WOODS; ERIC HINYARD;
TRISH FOSTER; TIM DELANEY; JUAN CONRAD; PAUL SMITH; UNKNOWN
COLE; JORDAN BORDELON; LEONARD WILSON,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-835

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Erin A. Hunter, Louisiana prisoner # 111799, filed the instant 42 U.S.C. § 1983 suit to seek redress for alleged infringements of his constitutional rights, and the district court dismissed the suit after granting the defendants' FED. R. CIV. P. 12(b)(6) motion. In this appeal, Hunter argues that his allegations concerning the search of his locker box and the subsequent disciplinary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30418

conviction sufficed to raise a retaliation claim upon which relief could be granted. Additionally, he contends that the district court erred by dismissing his claims against certain defendants for want of personal involvement and failure to establish supervisory liability because he had not yet completed discovery.

We conduct a de novo review of the district court's grant of the defendants' Rule 12(b)(6) motion to dismiss Hunter's suit. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)).

Our review of the record and pertinent authority shows no error in connection with the district court's dismissal of Hunter's § 1983 suit. The facts asserted by Hunter do not sufficiently tie his act of writing a complaint letter concerning the behavior of two defendants to the disciplinary proceedings that he avers were instituted to retaliate for the letter. Accordingly, his complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because Hunter has not established a violation of his constitutional rights, he cannot likewise show that he will bring a claim upon which relief can be granted against one of the supervisory defendants. § 1983; *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.