# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40133
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2024

Lyle W. Cayce
Clerk

James Schorsch,

*Plaintiff—Appellant*,

*versus*

Isaac Kwarteng; Texas Department of Criminal Justice,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-323

---

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se* and *in forma pauperis*, James Schorsch, Texas prisoner # 1551453, challenges the district-court bench-trial verdict in favor of defendants-appellees. (Schorsch had appointed counsel at trial.)

Based on extensive findings of fact and conclusions of law, the court ruled that Schorsch did not meet his burden to prove: the Texas Department

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of Criminal Justice (TDCJ) failed to accommodate his physical disability, in violation of the Americans with Disabilities Act (ADA); and Dr. Isaac Kwarteng, the medical director of the TDCJ's McConnell Unit, retaliated against him for filing the underlying action by removing a special housing restriction: that Schorsch be housed with inmates having "like medical conditions".

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Lewis v. Ascension Par. Sch. Bd.*, 806 F.3d 344, 353 (5th Cir. 2015) (citation omitted). "A [factual] finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony." *Id.* (citation omitted). Under this standard, our court will uphold the district court's findings "so long as [they are] plausible in light of the record as a whole". *Chemtech Royalty Assocs., L.P. v. United States*, 766 F.3d 453, 460 (5th Cir. 2014) (citation omitted). For the following reasons, including essentially for the reasons stated in the district court's findings and conclusions, the court did not err in ruling for defendants-appellees.

To succeed on a failure-to-accommodate claim, Schorsch must prove by a preponderance of the evidence that "(1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered entity; and (3) the entity failed to make reasonable accommodations". *Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020) (citation omitted). Because Schorsch has limited mobility in his arms and hands as the result of damage to his ulnar nerves, he contends that the special housing restriction is a necessary, reasonable accommodation because he would be unable to defend himself from a violent cellmate who lacked a similar physical disability.

No. 24-40133

The district court concluded that Schorsch proved the first two elements of the failure-to-accommodate claim—that he was a qualified individual with a disability and TDCJ knew of his disability and its consequential limitations. Nonetheless, Schorsch's claim failed because he did not satisfy the third element. In other words, Schorsch did not show that the special housing restriction providing that he be housed with inmates with "like medical conditions" was a reasonable accommodation.

TDCJ is not required to provide an accommodation merely because Schorsch requested it; TDCJ must only provide him with reasonable accommodations that give "meaningful access to the benefit that the grantee offers". *Cadena v. El Paso Cnty.*, 946 F.3d 717, 725 (5th Cir. 2020) (citation omitted). Prison officials are afforded deference in determining what amounts to a reasonable accommodation. *Id.* Further, the record shows TDCJ provided several reasonable accommodations to ensure Schorsch had meaningful access to safe and appropriate housing in the light of his physical limitations, including, *inter alia*, a lower-bunk assignment and a permanent lifting restriction.

With respect to the retaliation claim against Dr. Kwarteng, the court ruled that Schorsch failed to meet his burden to prove causation and the requisite retaliatory intent. *E.g.*, *DeMarco v. Davis*, 914 F.3d 383, 388 (5th Cir. 2019) (causation places a "significant burden" on the inmate, and claims of retaliation are regarded "with skepticism"); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998) (retaliation claim fails without evidence showing retaliatory intent). Because the underlying findings of fact were plausible in the light of the record as a whole, Schorsch has not shown the requisite error. *See Chemtech Royalty Assocs.*, 766 F.3d at 460.

AFFIRMED.

3