IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10683
Summary Calendar
_____

JESSIE JAMES CALLOWAY,

                                        Plaintiff-Appellant,

versus

R. R. TREON; J. D. MOONEYHAM; K. R. BRIGHT; L. JAMES; R. KELLIPS;
L. R. GAMBLIN; D. M. MORONTZ; D. DOTY; D. L. SHAW; OFFICE OF
INSPECTOR GENERAL, James V. Allred Unit; GRIEVANCE OFFICIALS,
James V. Allred Unit; KELLI WARD, Grievance Authority; SUSAN
SCHUMACHER; L. TRUHLAN; A. CURRY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-73-R
--------------------
December 11, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Jessie James Calloway, Texas prisoner # 596563, has filed a

motion for leave to proceed *in forma pauperis* (IFP) on appeal

following the district court's dismissal of his 42 U.S.C. § 1983

action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  By

moving for IFP status, Calloway is challenging the district

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Calloway has not shown that he will raise a nonfrivolous issue on appeal.  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997).  Because Calloway has not shown that the district court erred in certifying that his appeal is not taken in good faith, his request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Calloway's motion for the appointment of counsel is also DENIED.

Calloway is cautioned that the district court's dismissal of this action, and this court's dismissal of this appeal, both count as "strikes" pursuant to 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  Calloway is advised that if he accumulates three strikes, he will be barred from bringing a civil action or an appeal proceeding IFP unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  Calloway is also advised to review any pending pleadings or appeals to ensure that they do not raise any frivolous claims.