United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 26, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11273
Summary Calendar

TRENTON M. BROWN,

Plaintiff-Appellant,

versus

LARRY G. CRAVEN, Sergeant; TIMOTHY A. KING, Correctional Officer
III; REBECCA J. SASSER, Correctional Officer IV; WILLIAM E.
WALKER, Assistant Warden; JOSEPH K. PRICE, Senior Warden; TWILA
PRICE, Clerk V,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:03-CV-48
--------------------

Before HIGGINBOTHAM, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Trenton M. Brown, Texas prisoner # 634019, filed a 42 U.S.C.

§ 1983 complaint alleging various acts of retaliation for his use

of prison grievance procedures.  The district court dismissed the

complaint pursuant to 42 U.S.C. § 1997e(c) as frivolous and for

failure to state a claim on which relief may be granted.  This

court reviews the dismissal of a 42 U.S.C. § 1983 complaint

pursuant to 42 U.S.C. § 1997e(c) <u>de novo</u>.  <u>Bazrowx v. Scott</u>, 136

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 1053, 1054 (5th Cir. 1998). To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Brown alleges that two correctional officers searched his cell and took his property in retaliation for his threat to file a grievance if an officer turned off a television. We have held that "neither any frivolous filings nor secondary litigation activity . . . may comprise the basis of a retaliation claim." Johnson v. Rodriguez, 110 F.3d 299, 311 (5th Cir. 1997). Because Brown's threatened grievance would have been frivolous, it may not be the basis of a retaliation claim.

Following another grievance regarding the search of his cell, Brown alleges that officers retaliated by searching his cell again and seizing additional property. Brown argues he demonstrated the required retaliatory intent by "a chronology of events from which retaliation may plausibly be inferred." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation and citation omitted). We affirm on the alternative ground that Brown failed to establish causation. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm on any ground supported by the record). "Causation requires a showing that but for the retaliatory motive the complained of

incident . . . would not have occurred." <u>McDonald</u>, 132 F.3d at 231 (internal quotation and citation omitted; ellipses in original). Because items that cannot be shown to have a legitimate source are considered contraband, Brown cannot show that, but for the alleged retaliatory motive, his undocumented "contraband" would not have been seized during a routine cell search. <u>See</u> <u>id.</u>

Brown also alleges that officials retaliated by changing his work assignment two days after he filed a grievance regarding another cell search. Although prisoners may be transferred to a different job "for almost any reason or no reason at all," a transfer cannot be made in retaliation for the exercise of constitutional rights. <u>See</u> <u>Jackson v. Cain</u>, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989). In the absence of any assertion by Brown that the new job was less desirable, we affirm on the alternative ground that Brown has failed to allege that the reassignment was an "adverse act." <u>See</u> <u>McDonald</u>, 132 F.3d at 231 (listing elements of retaliation claim).

Brown alleges that officials retaliated by filing a disciplinary charge for possession of contraband two days after he filed another grievance. Brown was convicted of the disciplinary charge three days after he filed an additional grievance. As discussed above, if Brown could not prove that the "contraband" was legitimately obtained, he cannot show that, "but for" any retaliatory intent, he would not have been charged with

and convicted for possession of contraband.  See McDonald, 132 F.3d at 231.

Brown also alleged that an officer made threatening remarks to him on several occasions.  Although it is unclear whether Brown alleges that this was retaliation, we note that "as a rule, 'mere threatening language and gestures of a custodial office do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983)

Brown also asserts that the warden and assistant warden ordered a search of his cell, exhibited deliberate indifference to their subordinates' acts, and negligently failed to supervise their employees.  Brown's allegation that the assistant warden ordered a search of his cell is unsupported and conclusory. Brown also has not alleged that these defendants were responsible for the implementation of any deficient policies.  See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).  Moreover, Brown has not suggested that there a "history of widespread abuse." Hinshaw v. Doffer, 785 F.2d 1260, 1263 (5th Cir. 1986) (generally, failure to supervise gives rise to liability only if there is a "history of widespread abuse").

AFFIRMED.