# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

RICKY RAY LEWIS,

Plaintiff-Appellant

v.

PAUL GUILLOT; TONYA GUILLOT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2184

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Rickey Ray Lewis, Louisiana prisoner # 251788, appeals the district court's dismissal of his civil rights complaint, which he filed pursuant to 42 U.S.C. § 1983, against Paul and Tonya Guillot, employees at the David Wade Correctional Center in Homer, Louisiana. The district court dismissed the complaint for failure to state a claim and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). We review a dismissal for failure to state a claim de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo and we review a dismissal as frivolous for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

When considering whether Lewis stated a claim, this court uses the same standards it applies when reviewing the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). In making our determination we are permitted to consider attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

"The law of this circuit is clearly established . . . that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Crucially, we have stated that *frivolous* filings cannot form the basis of an access-to-the-courts retaliation complaint. *See Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). In *Brown v. Craven*, 106 Fed. Appx. 257, 258 (5th Cir. 2004), we applied that principle in the prison grievance context.

In this case, Lewis claims that he was retaliated against for filing his May 1, 2012 grievance in which he complained that the defendants, who were married to each other, were working together. In his May 1, 2012 grievance Lewis failed to allege facts which would support a legitimate grievance. Although Lewis claimed that Paul Guillot had "a tendency to go along with whatever his wife [was] saying about that particular inmate," Lewis failed to give specific examples or even allege that this "tendency" resulted in Paul

Guillot coming to incorrect conclusions. The rest of Lewis's allegations of wrongdoing are wholly conclusory. In short, after reviewing Lewis's May 1, 2012 grievance, we are persuaded that it was frivolous. Because this frivolous grievance was the basis for Lewis's federal action, we hold that Lewis has failed to state a claim.

Next we turn to the district court's finding that Lewis's claim was frivolous. We determined above that Lewis failed to state a claim. Therefore, we need not determine whether the district court abused its discretion in finding that his complaint was frivolous because any error in that determination would be harmless.

AFFIRMED.