United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10594
Summary Calendar

UDOM PUCKDEESRI, SR.,

                              Plaintiff-Appellant,

versus

MARCUS LOPEZ, Correctional Officer III; STATE OF TEXAS,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:04-CV-31
--------------------

Before   SMITH, STEWART and DENNIS, Circuit Judges

PER CURIAM:[*]

     Udom Puckdeesri, Sr., Texas prisoner #732749, appeals the district court's dismissal of his in forma pauperis (IFP) 42 U.S.C. § 1983 suit as frivolous.  His complaint alleged that the defendants had illegally confiscated and destroyed legal papers and court records in retaliation for complaining about a correctional officer.  His only requested relief was $5,000 per day for mental suffering.

-----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Puckdeesri reiterates on appeal that he was retaliated against when he was illegally deprived of his legal documents and trial court transcripts, which, he argues, impeded his access to the court and the grievance system and violated his constitutional rights of due process and equal protection. The district court determined that, even assuming that Puckdeesri's property was wrongfully confiscated, Puckdeesri had failed to allege any physical injury to support his request for $5,000 per day for mental suffering as required by 42 U.S.C. § 1997e(e). We affirm the district court on the alternative ground that Puckdeesri failed to establish causation, which is required for a retaliation claim. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

Because Puckdeesri has not shown that his property was not seized and destroyed for the legitimate reasons given in the confiscated property form, i.e., that the property was improperly stored in excessive amounts and because the property had to be given to a visitor within 60 days or it would be destroyed, Puckdeesri cannot show that, but for the alleged retaliatory motive, his property would not have been seized and destroyed. See McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998). Therefore, his retaliation claim must fail. See id.

In his brief, Puckdeesri requests that he be allowed to proceed IFP on appeal. His request is DENIED as moot.

AFFIRMED; MOTION DENIED.