United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-20770
Summary Calendar

JOHN W. MELTON,

Plaintiff-Appellant

v.

MS. LOCK, Unit Parole Officer; UNIT PAROLE OFFICER SMITH;
OFFICE OF INSPECTOR GENERAL; RISSIE OWENS, Presiding Officer
Texas Board of Pardon and Paroles; BRYAN COLLIER, TDCJ Parole
Division Director; LELAND HENSZEL; BRAD LIVINGSTON; U.G.I.
MCADAMS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-3406
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John W. Melton, Texas prisoner # 1168128, has filed a motion

for leave to proceed in forma pauperis (IFP) on appeal.  The

district court denied Melton's motion to appeal IFP and certified

that the appeal was not taken in good faith.  By moving for IFP,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Melton is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Melton does not address the district court's denial of his claim that he was denied access to courts. Accordingly, that claim has been abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Moreover, there is no reversible error resulting from the district court's failure to address Melton's claims of the denial of medical care for Hepatitis C, of the denial of dental care, and of administrative retaliation as these claims were raised neither in Melton's original nor amended complaints, and Melton does not argue that the attachment to his motion for appointment for counsel, wherein those claims were raised, should have been construed by the district court as an implicit motion to amend his complaint. See FED. R. CIV. P. 7 and 15; cf. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). The district court also did not err in failing to address Melton's claim of toxic exposure because, as Melton conceded, the claim was unexhausted. See 42 U.S.C. § 1997e(a); Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Melton has shown no error by the district court in denying his parole-related claims as Texas has not created a liberty interest in parole that is protected by the Due Process Clause. See Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995). Moreover, allegations that the parole board considered unreliable

information in making a parole determination, without more, does not assert a federal constitutional violation.  See Johnson v. Rodriquez, 110 F.3d 299, 308-09 (5th Cir. 1997).

The district court did not err in denying Melton's claims that his constitutional rights were being violated because he was being denied enough food for a person with a gastrointestinal disease and because he was suffering from severe stomach cramps. Even assuming, arguendo only, that Melton's claims were not, as the district court found, repetitive to claims raised in other civil actions filed by Melton, Melton did not name any particular defendant that was responsible for these alleged constitutional violations.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (we may affirm "on any grounds supported by the record").

Melton has not shown that the district court's determination that his appeal would be frivolous was incorrect.  The instant appeal is without arguable merit and is thus frivolous. Accordingly, Melton's request for IFP status is denied, and his appeal is dismissed.  See Howard v. King, 707 F.2d 215, 219-220 (5th Cir. 1983); 5TH CIR. R. 42.2.  The dismissal of this § 1983 suit by the district court and our dismissal of this appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  In Melton v. Livingston, No. 06-20097, Melton was notified that he accumulated one strike.  Melton has therefore accumulated three

strikes, and he is barred from proceeding IFP in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.