United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-20097
Summary Calendar
_____

JOHN W. MELTON,

             Plaintiff-Appellant

        v.

BRAD LIVINGSTON, Director; LELAND HEUSZEL, Sr. Warden-Byrd Unit;
WILLIAM SAMNEH, Medical Director; LLOYD ASCHBURGER, P.A.,

             Defendants-Appellees


--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1278
--------------------


Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:*

     John W. Melton, Texas prisoner # 1168128, appeals the

dismissal with prejudice of his 42 U.S.C. § 1983 complaint

pursuant to 28 U.S.C. § 1915A(b)(1).  Although the district court

dismissed Melton's complaint because it found his complaint

lacked an arguable basis in law, we affirm the district court's

judgment because Melton's complaint lacked an arguable basis in

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fact and because it failed to state a claim upon which relief could be granted.  See § 1915A(b)(1); Neitzke v. Williams, 490 U.S. 319, 327 (1989); see Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (we may affirm on any grounds supported by the record).

On appeal, Melton argues that the "defendant(s)" knew that making him work in the kitchen and the laundry posed a risk to his health and that it could result in his death; that the defendants' actions, and more specifically Major Joe Blanton's actions, in removing him from the maintenance department and placing him in the kitchen and the laundry were retaliatory; that Dr. Hung Dao knew his work assignment was posing a danger to his health; and that the defendants' actions caused him to cease getting interferon treatment for Hepatitis C.  He states that a nurse has told him that restarting the interferon treatment would most likely be fatal.

The district court's dismissal of Melton's claims of deliberate indifference due to his job reassignments was proper because Melton failed to show that Blanton or any other named defendant was deliberately indifferent to a substantial risk of harm to Melton's health when Melton was assigned to the kitchen and the laundry.  See Farmer v. Brennan, 511 U.S. 825, 828, 837, 847 (1994); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Although Melton complains of his second reassignment to the kitchen in his appellate brief, we do not consider these factual

allegations as he did not make these factual allegations in the district court.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  To the extent Melton's complaint can be liberally construed as complaining that Dr. Dao was deliberately indifferent to his medical needs, his claim is without merit.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Melton's claims of retaliation by Blanton fail because the attachments to his § 1983 complaint indicate that Melton repeatedly complained of the prison's sack lunches, that officers and prison officials checked into his complaints and found them to be without merit, and that Blanton reassigned Melton to the kitchen so that Melton could understood how the sack lunches were made.  Thus, even if there arguably was a chronology of events which supports Blanton's assertion of retaliation and even if Blanton had a retaliatory motive, there was a nonretaliatory purpose for reassigning Melton to the kitchen - - having Melton understand how the sack lunches were made.  See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).  Melton cannot show that but for Blanton's alleged retaliatory motive, his reassignment to the kitchen would not have occurred.  See McDonald, 132 F.3d at 231.

Melton concedes that the actions of physician's assistant Lloyd Ashburger, standing alone, did not violate his constitutional rights.  Moreover, his remaining claims of the

denial of medical care, of the denial of access to courts, and of retaliation have been abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Melton's appeal is frivolous and is dismissed. See Howard, 707 F.2d at 220; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). In Melton v. Lock, No. 05-20770, this court advised Melton that he has two strikes. Accordingly, Melton now has three strikes under § 1915(g). Melton is therefore barred from proceeding in forma pauperis in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.