United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11500
Summary Calendar

KEITH EDWARD NUNLEY,

Plaintiff-Appellant,

versus

PAUL MILLS, Doctor,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-2515
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Keith Edward Nunley, Texas prisoner # 587076, appeals the
dismissal of his 42 U.S.C. § 1983 suit against Dr. Paul Mills.
Nunley contends that Dr. Mills denied him adequate medical care
in violation of the Eighth Amendment and retaliated against him
for filing grievances.  Finding no error, we affirm.

Government officials acting within their discretionary
authority are immune from civil liability for damages if their
conduct does not violate clearly established constitutional
rights of which a reasonable person would have known.  <u>Flores v.</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

City of Palacios, 381 F.3d 391, 393-94 (5th Cir. 2004). Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). In order to demonstrate retaliation in violation of a constitutional right, a prisoner must show (1) the existence of a constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory adverse act, and (4) causation. McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

We review a dismissal of a prisoner civil rights claim as frivolous under 42 U.S.C. § 1915A de novo. See Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). We review a summary judgment de novo under the familiar standard set out in FED. R. CIV. P. 56. Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

With respect to Nunley's Eighth Amendment claim that Dr. Mills prescribed the wrong medication for his hemorrhoids, at best, Nunley has stated a claim of negligence, malpractice, or disagreement with treatment, which will not support a finding of deliberate indifference under the Eighth Amendment. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Thus, the district court correctly dismissed this claim as frivolous. See

Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (a claim is frivolous if it lacks "an arguable basis in law or fact.")

We likewise find no error regarding the dismissal of Nunley's other claims of Eighth Amendment deliberate indifference and retaliation.  Nunley contends that Dr. Mills reassigned him to an upper bunk following a confrontation on November 14, 2003, repeatedly refused to assign him to a low bunk, refused to prescribe a cane, denied him various medications, including Anusol suppositories, Ibuprofen, fungal medication, and antiobiotic cream, and took away his crutches.

With respect to the November 2003 bunk reassignment, the uncontroverted affidavits of Michael Searcy and Dr. Bowers show that the reassignment was made by security personnel and not by Dr. Mills.  Nunley's assertions are without merit.

As for the complaints regarding assignment to a low bunk and Nunley's requests for a cane, the medical records and affidavits show that a low bunk assignment and cane were not medically necessary until January 2004.  With respect to the removal of the crutches, Dr. Bowers opined that crutches were never necessary and, one month prior to their removal, a physician's assistant recommended weaning Nunley off them.  As for discontinuation of the Ibuprofen, Nunley was repeatedly given prescriptions for high dosages of Ibuprofen which, according to Dr. Bowers, must be monitored and may cause stomach problems with long-term usage. Beyond speculation, Nunley has offered nothing to show that any

of Dr. Mills's actions were either retaliatory or exhibited a deliberate indifference to a serious medical need. Rather, the records show that Nunley was seen often by medical personnel for a variety of ailments and was afforded treatment.

Nunley also contends that Dr. Mills denied him medical care and retaliated against him by rescheduling an appointment. There is nothing to suggest that the eight-day delay was anything other than a routine rescheduling and no indication that it resulted in any deprivation to Nunley. He also argues that Dr. Mills ordered that he not be seen by any other physician. However, there is no evidence that this order caused the denial of any medical treatment or any other harm to Nunley.

Nunley complains that Dr. Mills refused to prescribe a foot cream and an antibiotic cream. Again, Nunley has offered no evidence that Dr. Mills was motivated by anything other than medical judgment regarding the proper course of treatment.

Finally, Nunley does not challenge the dismissal of the University of Texas Medical Branch on the basis of Eleventh Amendment immunity. Accordingly, he has abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

For the foregoing reasons, the judgment of the district court is AFFIRMED.