# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-30290
Summary Calendar

CLARENCE SAMUELS

Plaintiff-Appellant

v.

ANGIE HUFF; RAY HANSON; JERRY GOODWIN; MICHAEL RHODES; VENETIA MICHAEL; RICHARD L STALDER; LONNIE HAY; HAY

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-859

Before BENAVIDES, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

IT IS ORDERED that the mandate in *Samuels v. Huff*, No. 08-30094 (5th Cir. (5th Cir. Mar. 6, 2008) (unpublished), is RECALLED. We dismissed that appeal for lack of jurisdiction because it was determined that the appellant, Clarence Samuels, Louisiana prisoner # 133005, had filed a premature notice of appeal that was ineffective to confer appellate jurisdiction. It has since come to light that Samuels wrote a letter to the clerk of the district court within the 30-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

day period following the entering of final judgment that clearly evinced his intent to appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). IT IS ORDERED that appeal No. 08-30094 is CONSOLIDATED with appeal No. 08-30920.

The district court dismissed Samuels's claims against Angie Huff, Jerry Goodwin, Lonnie Hay, Venetia Michael, Michael Rhodes, and Richard L. Stalder for failure to exhaust administrative remedies. Hay was later again added as a defendant based on Samuels's submission of a copy of an administrative remedy request. The district court subsequently granted summary judgment in favor of Hay and Hanson and issued a final judgment.

Samuels argues that the district court erred in dismissing his claims against Huff, Goodwin, Hay, Michael, Rhodes and Stalder for failure to exhaust administrative remedies. Contrary to an argument raised in the appellees' brief, Samuels was not required to immediately appeal the dismissal for failure to exhaust administrative remedies. *See Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430 (1985).

Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* Subsequent to *Jones*, this court has stated that "[a]ny failure to exhaust must be asserted by the defendant." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The district court erred in dismissing Samuels's claims against Huff, Goodwin, Hay, Michael, Rhodes, and Stalder for failure to provide proof that he had exhausted his administrative remedies as to his claims against these defendants. *See Jones*, 549 U.S. at 216. Accordingly -- except with respect to the claim against Hay that was dismissed on summary judgment -- the district

court's dismissal of claims for failure to exhaust administrative remedies is vacated, and these claims are remanded for further proceedings.

Samuels challenges the summary judgment dismissal of his claim against Hay and his claims against Hanson. We review the district court's grant of summary judgment de novo, applying the same standard as did the district court. *See Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir.), *cert. denied*, 128 S. Ct. 707 (2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We "resolve doubts in favor of the nonmoving party and make all reasonable inferences in favor of that party." *Dean v. City of Shreveport*, 438 F.3d 448, 454 (5th Cir.2006).

Samuels devotes only one sentence of his appellate brief to his claim against Hay. Although pro se briefs are construed liberally, pro se parties must still brief the issues and reasonably comply with FED. R. APP. P. 28(a), which requires that the appellant's brief contain an argument with the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record relied upon. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Contentions not adequately argued in the body of the brief are deemed abandoned. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Samuels has not briefed any argument concerning the issue of the summary judgment dismissal of his claim against Hay and has therefore waived the issue. *See id*. Accordingly, the district court's summary judgment dismissal of Samuels's claim against Hay is affirmed.

Samuels claims that Hanson violated his rights under the Eighth Amedndment by being deliberately indifferent to his serious medical needs. He asserts that he did not receive his antidepressants and other medication on a consistent basis. Samuels contends that Hanson, as a supervisory official, is

liable for damages resulting from the alleged inconsistent receipt of medication. He contends that the current policy employed at the prison institution with respect to the receipt of medication by prisoners is defective because it does not require the prisoner to initial when he receives his medication. He also contends that Hanson responded lackadaisically to his grievances regarding the receipt of medication.

The summary judgment evidence reflects that prison officials, including Hanson, investigated Samuels's allegations that subordinate correctional officers were forging his initials on medication charting forms and that Samuels was not receiving his medication and determined that there was no merit to Samuels's charges. Samuels has not pointed to any evidence that Hanson was deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Hanson cannot be held liable under § 1983 based on the actions of his subordinates. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987). Nor has Samuels shown that there is a disputed issue of material fact as to whether Hanson implemented a constitutionally deficient policy. *See id.* at 304. Samuels has not shown error in the summary judgment dismissal of his Eighth Amendment claim against Hanson.

Samuels also argues that the district court erred in dismissing his claims against Hanson for retaliation. He contends that Samuels retaliated against him for pursuing grievances and for filing court documents.

A prison official may not retaliate against or harass an inmate for exercising his right of access to the courts or his other First Amendment rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). To establish a claim of retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). A prisoner shows causation by establishing

that "but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods*, 60 F.3d at 1166. "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Id.* "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Id.* (citation omitted).

Samuels asserts that Hanson retaliated against him for pursuing grievances by, on one occasion, ordering the confiscation of his harmonica and music sheets, and, on another occasion, ordering the confiscation of some magazines. As the district court determined, Samuels's summary judgment evidence did not establish that Hanson was responsible for the alleged confiscations. Samuels is not permitted to raise new factual allegations for the first time on appeal. *See Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991).

Samuels contends that Hanson retaliated against him for writing to the district court and to another prison official to complain about the alleged confiscation of his harmonica and his music sheets by placing him in administration segregation 10 days after he complained. In view of our duty to resolve doubts in favor of the nonmoving party and to draw all reasonable inferences in favor of that party, *see Dean*, 438 F.3d at 454, we conclude that Samuels has shown that there is a disputed issue of material fact regarding the elements of a retaliation claim. *See McDonald*, 132 F.3d at 231; *Woods*, 60 F.3d at 1164. Accordingly, the dismissal of this claim is vacated and the claim is remanded for further proceedings.

Samuels's remaining claim against Hanson revolves around the contention that Hanson retaliated against him by failing to ensure that he received his medication consistently. As to this claim, which is based on the same set of facts as Samuels's Eighth Amendment claim regarding the alleged denial of

5

medication, Samuels has failed to establish that there is a genuine issue of material fact regarding the elements of a retaliation claim. *See McDonald*, 132 F.3d at 231.

Samuels has not shown that the district court clearly abused its discretion in denying his request for the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Samuels's contention that he was improperly denied access to his records is inadequately briefed and does not demonstrate error on the part of the district court. *See Yohey*, 985 F.2d at 224-25.

MANDATE RECALLED IN APPEAL NO. 08-30094; APPEALS NO. 08-30094 AND 08-30290 CONSOLIDATED; AFFIRMED IN PART, VACATED AND REMANDED IN PART.