IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-10383
Summary Calendar

DAVID GENE MORRIS,

Plaintiff–Appellant,

v.

CHARLES AYCOCK, Parole Board Member, Amarillo Board Office;
CHARLES A. SHIPMAN, Parole Board Commissioner, Amarillo Board;
RISSIE OWENS, Presiding Officer Texas Board of Pardons and Paroles,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:08-CV-00147

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Morris, a Texas state prisoner, appeals the district court's dismissal of his retaliation, ex post facto, separation of powers, and due process claims. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

Morris was convicted of murder in 1977 and sentenced to life imprisonment. He became eligible for parole in 1997. Each of his first four parole reviews were conducted by board members in the Palestine Parole Office and resulted in two-year set-offs. His fifth parole review, also conducted by board members in the Palestine Parole Office, resulted in a three-year set-off that was later changed to a two-year set-off. Morris's most recent parole review was conducted by board members in the Amarillo Parole Office and resulted in a five-year set-off. The Amarillo Board cited the "Best Interest for Public Safety" as the reason for the set-off.

In August 2008, Morris, proceeding pro se, sued two members of the Amarillo Parole Board, Charles Aycock and Charles Shipman, and Risse Owens, the Presiding Officer of the Texas Board of Pardons and Paroles. Morris's complaint alleged that he had been denied due process in connection with his parole hearings and that the Board's refusal to grant him parole was in retaliation for his previous lawsuits. Morris also asserted that Texas's amended parole policies, as applied to him, violated the Ex Post Facto Clause. He further claimed that he had been effectively "resentenced" by the parole board in violation of the separation of powers doctrine. The district court dismissed his complaint with prejudice as frivolous and without prejudice for failure to state a claim. The court also dismissed any claims sounding in habeas without prejudice. This appeal followed.

**II**

We review the district court's dismissal of a prisoner's complaint under 28 U.S.C. § 1915A as frivolous and for failure to state a claim de novo.[1] To avoid

_____

[1] *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). *But see Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (holding that a dismissal as frivolous under § 1915A(b) is

dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face."[2] The factual allegations must "raise a right to relief above the speculative level."[3] While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[4] A complaint is frivolous "if it lacks an arguable basis in fact or law."[5]

## A

Morris first challenges the district court's dismissal of his retaliation claim. Morris contends that he was denied parole in 2007 in retaliation for a lawsuit he filed in 2001 against three parole board members in the Palestine District. The district court held that Morris failed to allege facts to show retaliation and dismissed his § 1983 claim. It also dismissed any retaliation claims arising in habeas without prejudice.

To establish a claim of retaliation, a prisoner must show: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4)

---

reviewed for an abuse of discretion).

[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[3] *Twombly*, 550 U.S. at 555.

[4] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)) (internal quotation marks omitted).

[5] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)) (internal quotation marks omitted).

causation."[6] "Mere conclusionary allegations of retaliation" are insufficient.[7] A prisoner must either "produce direct evidence of motivation" or "allege a chronology of events from which retaliation may plausibly be inferred."[8]

We agree that Morris has failed to allege facts sufficient to support a claim for retaliation. The Palestine board members Morris sued in 2001 were not involved in Morris's 2007 parole review hearing, and Morris has alleged no facts to link those board members to the Amarillo board members who gave him the five-year set-off in 2007. As such, Morris's factual allegations do not show "direct evidence of motivation" or a "chronology of events from which retaliation may plausibly be inferred." The district court correctly dismissed this claim.

Further, Morris's argument that the district court incorrectly held that he had to pursue his retaliation claim through habeas corpus is without merit. The district court did not make such a holding. Rather, it merely dismissed any retaliation claims sounding in habeas without prejudice.

## B

Morris next argues that the district court erred in dismissing his due process claims as frivolous. Morris claims he was denied due process in connection with his 2007 parole review hearing since there were no facts to justify the Board's finding that he was a threat to public safety. Texas law, however, does not create a liberty interest in parole that is protected by the Due

---

[6] *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

[7] *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

[8] *Id.* (quoting *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995)) (internal quotation marks omitted).

Process Clause.[9]  Because Morris has no liberty interest in his parole, his challenge to the 2007 parole review hearing fails to state a claim in this regard.[10]

## C

Morris contends that amendments to the Texas parole statutes resulted in an ex post facto extension of his sentence.  Morris asserts that the Board improperly applied the 2003 amendment to Texas Government Code § 508.141, which increased the maximum possible length of set-offs between parole hearings from three years to five years, in determining the length of his most recent set-off.  Morris also asserts that, by conducting "sham" parole hearings for ten years, the Board effectively applied a statutory change requiring a prisoner convicted for the crime he committed to serve thirty calendar years in prison before being eligible for release on parole, rather than the previously required twenty years.

The Ex Post Facto Clause prohibits legislatures from "retroactively alter[ing] the definition of crimes or increas[ing] the punishment for criminal acts."[11]  Legislative changes affecting a prisoner's eligibility for parole may have ex post facto implications if they create a sufficient risk of increasing the punishment for the prisoner's crime.[12]  Courts must rigorously analyze the level of risk that the retroactive application of a change in the law will result in a

---

[9] *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

[10] *See id.* ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds.").

[11] *Wallace v. Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)) (internal quotation marks omitted).

[12] *Id.* at 355; *Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000).

longer prison term.[13]   A procedure that creates a merely speculative or attenuated risk of increasing the measure of punishment does not violate the Ex Post Facto Clause.[14]

Here, the Board's ability to impose a longer set-off between Morris's parole reviews creates only a speculative risk of increased punishment.  The change in parole laws did not mandate that the Board impose a longer set-off, it simply vested the Board with the discretion to do so.[15]  And although the Board can impose a five-year set-off between review dates, it also has discretion to adjust the review date or conduct a special review of Morris's case if new information becomes available.[16]  As such, the Board's ability to impose a longer period between parole reviews does not create a sufficient risk that Morris will be incarcerated for a longer period.[17]

In addition, Morris's second ex post facto argument fails because Morris has not alleged facts supporting his claim that the amended statute was applied to him.  Morris does not dispute that he began receiving parole hearings in 1997, after he served twenty years in prison.  He claims that the hearings were "sham," but has alleged no facts, other than the mere denial of his parole, to support that assertion.  Accordingly, Morris has failed to state a claim in this regard.

### D

Morris's last two arguments are also unavailing.  Morris contends that the

---

[13] *Garner v. Jones*, 529 U.S. 244, 255 (2000).

[14] *Calif. Dep't of Corrections v. Morales*, 514 U.S. 499, 508-09 (1995).

[15] *Garner,* 529 U.S. at 254 (noting that vesting the Board with discretion to impose a longer set-off between parole reviews merely gives the Board "a more careful and accurate exercise of [its] discretion").

[16] Tex. Gov't Code § 508.141(g); 37 Tex. Admin. Code §§ 145.11, .17.

[17] *See Garner*, 529 U.S. at 254-56; *Morales*, 514 U.S. at 509-14.

district court erred in refusing to exercise pendant jurisdiction over his separation of powers claim. The district court, however, did not discuss the exercise of pendant jurisdiction. It held that Morris's separation of powers argument failed on both state and federal law grounds. Morris's argument that the district court erred in dismissing his suit prior to service is similarly meritless, since the court correctly dismissed his complaint prior to service pursuant to the screening procedure for prisoner complaints outlined in 28 U.S.C. § 1915A.

### III

In sum, the district court did not err in dismissing Morris's § 1983 complaint. Accordingly, the judgment is AFFIRMED.