**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-40157
Summary Calendar

MCCLAIRY JACKSON,

Plaintiff-Appellant

v.

FREDDIE M ENGLISH, Property Officer; NATRENIA L. HICKS Property Officer; JOE N ROSS, Property Officer; GWENDOLYN J. SPURLOCK, Law Library Supervisor; FRANKIE REESCANO, Asst. Warden; GREGORY H. OLIVER, Asst. Warden; JEREMY W LARUE, Lieutenant; LEONTYNE HAYNES, Sergeant; T REED, CO; SERENA A GOAD, CO IV; FLOYD D HICKS, Investigator II; TOMMY E. GOODIN, Investigator III; DAVID SWEETIN, Senior Warden; DEBBIE LILES OMBUDSMAN; GREG ABBOTT, Texas Attorney General; KELLI WARD, Step II Grievance Investigator; KEITH CLENDENNEN, Admin. of Offender Grievance Program,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:08-CV-179

Before KING, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McClairy Jackson, Texas prisoner # 559327, moves this court for leave to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915A. Jackson's motion to proceed IFP on appeal is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Jackson contends that the dismissal of his lawsuit was error because the magistrate judge failed to accept the allegations in his pleadings as true. He contends that he did not challenge the validity of the prison storage policy under Administrative Directive 03.72 but the improper use of a smaller sized bin by Eastham Unit officials conducting property searches under the policy. Jackson now complains that the use of the inappropriate bin is intended to frustrate his right of access to the courts.

Even if Jackson's allegation that officials used smaller bins than allowed under the policy to measure his property is taken as true, he has not stated a constitutional claim for the denial of access to the courts because he briefs no argument that his position as a litigant has been prejudiced as a result. *See McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Jackson has not demonstrated that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his motion to proceed IFP is denied. *See Baugh*, 117 F.3d at 202. His appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Jackson's suit as frivolous and the dismissal of this appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Jackson is cautioned that, if he accumulates three strikes pursuant to

§ 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.