# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2013

No. 12-10820
Summary Calendar

Lyle W. Cayce
Clerk

CHRISTOPHER FLORES,

Plaintiff-Appellant

v.

DALE L. BOECKER, Correctional Security Officer V,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CV-98

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Christopher Flores, Texas prisoner # 1336588, filed this 42 U.S.C. § 1983 action against Correctional Security Officer Dale L. Boecker, alleging that on August 20, 2009, Boecker intentionally and willfully closed a cell door on his right hand, causing the fifth metacarpal bone to break. He alleged that Boecker closed the door on his hand in retaliation for his repeated complaints about Boecker's failure to timely perform an ingress and egress. Further, Flores alleged that Boecker was deliberately indifferent to his serious medical needs

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when Boecker ignored his complaint that his hand was broken, thereby resulting in the delay of medical treatment and alleged violations of the First, Eighth, and Fourteenth Amendments.

Following a *Spears*[1] hearing, the magistrate judge summarily dismissed due process and official capacity claims, which Flores has not briefed and we do not consider. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The primary issue on appeal concerns the court's grant of summary judgment for Boecker on Flores's claim of retaliation.

We review a grant of summary judgment de novo. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 859 (5th Cir. 2004). To state a valid claim for retaliation under § 1983, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). The magistrate judge held that Flores failed to establish retaliatory intent and causation.

To prove retaliation, "[t]he inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation and citation omitted). "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998) (internal quotation and citation omitted).

The parties here offered conflicting evidence on the issue of Boecker's intent to injure Flores. By live testimony and by affidavit, Flores alleged that Boecker intentionally and willfully slammed the cell door on his hand after Flores complained about Boecker's failure to timely perform an ingress and egress, and after he threatened to notify Boecker's supervisor and to file a

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

grievance.  Boecker asserted in his own affidavit that he did not see Flores's finger when he closed the cell door and that the injury to Flores's finger was not intentional.  Whether or not Boecker intended to injure Flores is critical to Flores's claim of retaliation, and also bears on whether Boecker was deliberately indifferent toward Flores.  *See, e.g., Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986) ("A guard thus may not harass an inmate in retaliation for the inmate complaining to supervisors about the guard's conduct.").  Resolution of Boecker's intent is dependent on a fact-sensitive inquiry and credibility determination. In light of the contradictory record evidence, Flores has presented an issue of fact that precludes summary judgment.  Accordingly, we reverse the district court's judgment and remand for further proceedings.  *See Jackson v. Cain,* 864 F.2d 1235, 1248 (5th Cir. 1989).  In so doing, we express no opinion as to the merits of the retaliation claim.

Although Flores also challenges on appeal the denial of his spoliation motion, the court's ruling was predicated on the grant of summary judgment, which we have now held was erroneous.  We therefore need not address this issue.

REVERSED AND REMANDED.