# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30796

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2016

Lyle W. Cayce
Clerk

GARY BOUDREAUX,

Plaintiff-Appellant

v.

JAMES M. LEBLANC; DARREL VANNOY; STEPHANIE LAMARTINIERE; KEVIN BENJAMIN; DAVID VOORHIES; T. LEONARD; D. ANTHONY; J. DUZANT; S. ADAMS; ORVILLE LAMARTINIERE, JR.; JOSEPH F.G. LAMARTINIERE,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-377

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Gary Boudreaux, Louisiana prisoner # 101068, moves for leave to proceed in forma pauperis (IFP) on appeal from the judgment of the district court granting the motion to dismiss filed by defendants James M. LeBlanc, N. Burl Cain, Stephanie Lamartiniere, Kevin Benjamin, David Voorhies, T. Leonard, Orville Lamartiniere, and Joseph F. G. Lamartiniere, dismissing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without prejudice for lack of service the claims against defendants D. Anthony, J. Duzant, and S. Adams, and declining to exercise supplemental jurisdiction over Boudreaux's state law claims.  Boudreaux challenges the district court's denial of his IFP motion on the ground that his appeal was not taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(5); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into Boudreaux's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  We need not consider whether a nonfrivolous issue exists regarding the dismissal of those claims not addressed by Boudreaux.  *See* FED. R. APP. P. 28(a)(8); *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

This court reviews a Federal Rule of Civil Procedure 12(b)(6) dismissal de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.  2007).  A complaint fails to state a claim upon which relief can be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  To satisfy the element of causation, the prisoner must show that the adverse act would not have occurred but for the retaliatory motive.  *Id.*  "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a

chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citation omitted). The adverse action against the prisoner must be more than de minimis. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

Although Boudreaux argues that the disciplinary procedures brought against him in 2011 and 2012 constituted improper retaliation that deprived him of his right to Louisiana parole, "the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release." *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Moreover, Boudreaux ignores that the district court rejected his claims of disciplinary retaliation on the ground that he had failed to allege facts sufficient to establish causation. *See McDonald*, 132 F.3d at 231.

Contrary to Boudreaux's assertion, the district court did not rely upon inapposite legal authority to dismiss his claims that defendants Voorhies and Benjamin retaliated against him by withholding his legal materials; rather, the district court held that Boudreaux failed to allege that these defendants committed more than de minimis adverse acts. *See Morris*, 449 F.3d at 686. Further, Boudreaux's complaint offered only conclusory assertions to show that these defendants intended to retaliate against him by withholding his legal materials. *See McDonald*, 132 F.3d at 231; *Iqbal*, 556 U.S. at 678.

Boudreaux identifies no constitutional basis for his claim that defendants Stephanie and Joseph Lamartiniere engaged in nepotism. *See* FED. R. APP. P. 28(a)(8); *Yohey*, 985 F.2d at 225. He likewise fails to show that a nonfrivolous issue exists regarding whether his complaint states an Eighth Amendment claim against these two supervisory officials by alleging their direct involvement in the medical treatment of his shoulder. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

No. 15-30796

The IFP motion is DENIED, *see Baugh*, 117 F.3d at 202 n.24, and Boudreaux's appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2. The district court's dismissal for failure to state a claim and our dismissal of this appeal as frivolous each counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Boudreaux is CAUTIONED that, if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).